NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted September 19, 2017
Decided September 28, 2017

Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 16-4202 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | |
| | No. 14 CR 131 |
| SVETOSLAV NEDELCHEV, *Defendant-Appellant*. | Ronald A. Guzmán, *Judge*. |

**Order**

Svetoslav Nedelchev pleaded guilty to one count of wire fraud, 18 U.S.C. §1343, for his part in a scheme managed by Gheorgui Martov. It is the same scheme as the one discussed in *United States v. Popovski*, No. 16-4178, which is also being decided today, but Popovski and Nedelchev pleaded guilty to different counts of the indictment. Nedelchev was a manager or supervisor, and he defrauded 607 victims, so his offense level under the Sentencing Guidelines was greater than Popovski's, and his sentence is 64 months' imprisonment compared with Popovski's 30 months. Like Popovski, Nedelchev received a sentence in the middle of the Guidelines' range.

Nedelchev's appellate lawyer has filed an *Anders* brief, see *Anders v. California*, 386 U.S. 264 (1967), asking us to relieve him of the representation because the appeal is frivolous. Counsel represents that Nedelchev does not wish to withdraw his plea or otherwise contest his conviction, so the only possible appellate issues concern the sentence. Counsel goes through each element of the offense level under the Guidelines and concludes that there is no nonfrivolous issue with respect to any of them, nor is there a plausible contention that the within-range sentence is unreasonable.

Popovski contended on appeal that intended loss had been calculated incorrectly. (That contention did not succeed but was not frivolous.) No such argument is available to Nedelchev, who stipulated as part of his plea agreement to the intended loss ultimately used to calculate his Guidelines range. The three levels added for being a manager or supervisor, see U.S.S.G. §3B1.1(b), likewise are beyond plausible contest, because Nedelchev was heard on a wiretap intercept telling Martov that he had recruited and was using three other people to withdraw money from ATMs. The two levels added for defrauding more than 10 victims likewise, U.S.S.G. §2B1.1(b)(2)(A)(i), cannot be contested, because Nedelchev stipulated to having 607 victims. None of the other ingredients of the calculation is remotely open to appellate debate.

Nedelchev was notified under Circuit Rule 51 of his lawyer's desire to withdraw, and a copy of the *Anders* brief was sent to him. He requested and received several extensions of time to file a response. His most recent request, received on September 15, asks for an additional 30 days. He has already had more than 70 days beyond the original deadline of July 13, 2017, and this latest request is denied. Nedelchev does not hint at any nonfrivolous issue or say, even in general terms, what contentions he proposes to raise if given more time. Appeals cannot be extended indefinitely, and it is time to resolve this one.

Counsel's motion to withdraw is granted, and the appeal is dismissed as frivolous.